GENERAL COURT, OCTOBER TERM, 1800.

## HUGHES vs. CHRISTIE.

The plea of general performance may be withdrawn for the purpose of pleading *non est factum.*

ACTION of debt on a bond with a collateral condition. The defendant pleaded *general performance,* and the cause was standing on the trial docket under a rule replication.

*Johnson,* for the defendant, moved for leave to withdraw the plea of general performance for the purpose of pleading *non est factum.*

*Martin,* (Attorney General,) for the Plaintiff.

LEAVE granted by the court.

## COURT OF APPEALS, NOV. TERM, 1800.

### COLSTON vs. NICOLS.

To prove that a person offered as a witness was interested in the event of the cause, evidence was offered to prove that he had declared that he was interested, &c. Held, th at the evidence was admissible to imp ach the competency of the person offered as a witness.

WRIT OF ERROR. The defendant in error, brought an action of *trespass q. c. f.* in the general court, for the eastern shore, for a trespass, committed on a tract of land called *Cumberland,* lying in Talbot county. The general issue was pleaded.

The plaintiff at the trial, to support the issue on his part, offered to swear a certain *John Valliant* as a witness, but the defendant, (now plaintiff in error,) objected to the said *Valliant* being sworn, alleging him to be interested in the event of the cause, and offered to swear another witness, to prove that the said *Valliant* declared to him that he was interested in the event of the suit, and to pay a part of the costs of the suit in case the plaintiff lost the cause.

BUT THE GENERAL COURT, (*Goldsborough,* Ch. J. *Chase* and *Duvall,* J.) were of opinion, that such testimony was inadmissible, and refused to let the witness be sworn to impeach the *competency* of the said *Valliant.* The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant brought a writ of error to this court.

*Key*, for the Plaintiff in error.

*Martin*, (Attorney General,) for the Defendant in error.

THE COURT OF APPEALS at this term, *reversed* the judgment of the General Court.

———⚹———

## COURT OF CHANCERY, FEB. TERM, 1801.

### WHITE *vs.* CASANAVE's Heirs, *et. al.* (*a*)

If a conveyance is made of land, and a bond taken for the purchase money, and the purchaser dies without having paid the purchase money, and the land is decreed to be sold for the payment of the debts of the deceased the vendor is entitled to a preference in the payment of his debt.

THE bill in this case, (filed on the 5th of January 1799,) amongst other things stated, that on the 30th of July 1794, the complainant contracted with *Peter Casanave*, for the sale of a tract of land, then belonging to him the complainant, called *Mill Seat*, containing 75 acres, for the sum of 10*l.* per acre; that the said *Casanave* did on the said day execute to the complainant a bond for the payment of the purchase money of the said land; that the said *Casanave* never made any payment of any part of the purchase money for the land, nor gave to the complainant any bond, or other security, for the said purchase money, other than the above mentioned bond. That the said *Casanave*, representing to the complainant that he wished for a conveyance, and was ready to make a payment of the purchase money, and under an expectation that such payment would be made before the deed was recorded, the complainant did on the 26th of June 1795, convey to the said *Casanave* the land aforesaid, by deed of that date. That the said *Casanave*, so having obtained from the complainant a conveyance for the said land, died intestate, leaving two children, *Joane* and *Peter Casanave*, both infants, and that *Anne Casanave*, his widow, and *Nicholas Young*, have taken out letters of administration on the personal estate of the said *Peter Casanave*. That the said *Casanave* was much involved in his circumstances, and died in-

(*a*) There were sundry other bills filed by *Beall, Dorsey, Deakins* and others, claiming like preferences for other lands sold and conveyed, but not paid for, and decrees were passed similar to that which took place in the present case.